IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-375-FL

| | |
|---|---|
| JONATHAN PANNAMAN, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>DNB MANAGEMENT, INC. and DAVID )<br>P. STEWART, )<br>)<br>Appellees. ) | ORDER |

This matter is before the court on appeal of judgment of the United States Bankruptcy Court for the Eastern District of North Carolina in the amount of $28,600.00 plus interest and attorneys' fees in favor of appellees in adversary proceeding captioned <u>DNB Mgmt., Inc. & David P. Stewart v. Briley Alston Stevison, Rachael Ashley Stevison, Stevison Home Improvement, LLC, & Johnathan D. Pannaman</u>, No. 24-00116-5-DMW (Bankr. E.D.N.C) (the "adversary proceeding").[1] The issues raised have been briefed fully and in this posture are ripe for ruling. For the following reasons, the judgment of the bankruptcy court is vacated.

## STATEMENT OF THE CASE

Briley Alston Stevison ("Briley Stevison") and Rachael Ashley Stevison ("Rachael Stevison") (collectively, "debtors"), who are not parties to the instant appeal, filed for Chapter 7 relief under Title 11 of the United States Code June 25, 2024.  See <u>In re Briley Alston Stevison & Rachael Ashley Stevison</u>, No. 24-02105-5-DMW (Bankr. E.D.N.C.) (the "Chapter 7 proceeding").

---

[1] Also pending is appellant's motion for judicial notice of trustee certification of services rendered (DE 20). Where vacatur herein is granted, such motion is terminated as moot.

Appellees commenced adversary proceeding with complaint filed September 30, 2024, asserting four causes of action: 1) objection to the discharge of debtors, 2) objection to the dischargeability of a debt owed by Briley Stevison; 3) unfair and deceptive trade practices against Briley Stevison and his company (the "company defendant"), and 4) quantum meruit against appellant.

Debtors, the company defendant, and appellant each appeared pro se and filed answer. The bankruptcy court struck the answer of the company defendant and entered default against that party January 2, 2025. Debtors and appellees reached a settlement agreement, which the bankruptcy court approved pursuant to Federal Rule of Bankruptcy Procedure 9019 May 15, 2025. Trial of the remaining quantum meruit claim was held June 10, 2025, without appellant's participation. The bankruptcy court concluded that appellant "is indebted to [appellees] for a sum certain in <u>quantum meruit</u>, as [appellant] was unjustly enriched by the furnishing of labor and materials of [appellees]." (Bankr. Mem. (DE 8-1) at 80 (emphasis in original)).[2]

Appellant, now represented by counsel, commenced the instant appeal June 26, 2025, and filed opening brief September 22, 2025. Appellees responded, and appellant replied.

### STATEMENT OF FACTS

The parties make entirely legal arguments on appeal, and neither side challenges any findings of fact as clearly erroneous. The court therefore incorporates the findings of fact as set out in the bankruptcy court's memorandum of decision.

> 1. On October 1, 2024, the Plaintiffs executed service of the Summons and Complaint in this matter upon Briley Alston Stevison ("Mr. Stevison"), Rachael Ashley Stevison, Stevison Home Improvement, LLC and [appellant Jonathan Pannaman ("Mr. Pannaman")].
>
> 2. On October 17, 2024, Mr. Pannaman filed a pro se Answer denying the allegations in the Complaint.

---

[2] Page numbers in citations to the record refer to the page number of the document designated in the court's case management and electronic case filing (CM/ECF) system, and not to page numbering, if any, on the face of the underlying document.

2

3. Mr. Pannaman failed to provide disclosures as required by Rule 26 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure.[3]

4. Prior to trial, the causes of action against Mr. Stevison and Rachael Ashley Stevison were resolved by settlement, and the court entered default against Stevison Home Improvement, LLC.

5. [Appellee DNB Management, Inc. ("DNB")] is a business enterprise operating a Mr. Handyman franchise in Johnston County, North Carolina. Mr. Stevison, while in the employ of DNB, formed his own company and began completing work using [appellees'] equipment, materials and labor.

6. Through his investigations of Mr. Stevison's actions, [appellee, David M. Stewart ("Stewart")] determined that Mr. Stevison completed home improvements at Mr. Pannaman's real property using the Plaintiffs' equipment, materials and labor.

7. Mr. Stewart contacted Mr. Pannaman about the improvements. Mr. Pannaman acknowledged that work was done at his home, but he refused to compensate the Plaintiffs for the improvements.

8. Using his business records and inventory control systems, Mr. Stewart was able to determine the value of labor and materials received by Mr. Pannaman and offer testimony regarding those amounts. Based on the information regarding the improvements made to the property and inventory control records, the value received by Mr. Pannaman from the Plaintiffs was $16,700 in materials and $11,900 in labor.

(Bankr. Mem. (DE 8-1) at 78-79).

## COURT'S DISCUSSION

A.    Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a) to review the bankruptcy court's final judgments, orders, and decrees. "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken

---

[3] Footnote one in the bankruptcy court's findings of fact states as follows: "Due to Mr. Pannaman's failure to comply with Rule 26, the [bankruptcy] court likely would have precluded Mr. Pannaman from presenting documentary evidence at trial, had he appeared." (Bankr. Mem. (DE 8-1) at 78 n.1).

3

to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." Harman v. Levin, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985).[4] "Legal conclusions are reviewed de novo, but findings of fact will only be set aside if clearly erroneous." Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). Questions regarding the bankruptcy court's jurisdiction under 28 U.S.C. § 1334 are legal questions reviewed de novo. Bergstrom v. Dalkon Shield Claimants Tr. (In re A.H. Robins Co., Inc.), 86 F.3d 364, 371 (4th Cir. 1996).

B.   Analysis

Appellant challenges the bankruptcy court's subject matter jurisdiction over the sole claim against him, arguing that appellees' quantum meruit claim is not sufficiently related to the underlying Chapter 7 proceeding for the bankruptcy court to exercise jurisdiction over it.

As an initial matter, "subject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Thus, "a party may challenge subject matter jurisdiction for the first time on appeal." Casa de Md. v. U.S. Dep't of Homeland Sec., 924 F.3d 684, 697 (4th Cir. 2019). Accordingly, appellees' argument that appellant waived his opportunity to challenge subject matter jurisdiction is inapposite, and appellant's failure to raise the issue before the bankruptcy court is not dispositive.

"[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In turn, "[e]ach district court may provide that any or all [such] cases . . . shall be referred

---

[4]   Internal citations and quotation marks are omitted from all citations unless otherwise specified.

to the bankruptcy judges for the district." Id. § 157(a).[5] Where such referral is made, "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." Id. § 157(b)(1). However, in "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11 . . . the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge." Id. § 157(c)(1). Thus, "[w]hile subject matter jurisdiction is determined by § 1334, the application of § 157(b) and (c) determines the bankruptcy court's authority to act once that jurisdiction is established." In re Kirkland, 600 F.3d 310, 315 (4th Cir. 2010).

Appellees here make no argument that their quantum meruit claim against appellant arises under Title 11 or arises in a case under Title 11.[6] Therefore, the court examines only whether the claim against appellant is related to a case under Title 11.

"The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether <u>the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy</u>." In re Celotex Corp., 124 F.3d 619, 625 (4th Cir. 1997) (emphasis in original) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling

---

[5] Pursuant to 28 U.S.C. § 157(a), the courts of this district refer to the bankruptcy court "any and all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11." General Order of Reference, 84-PLR-4 (E.D.N.C. Aug. 3, 1984).

[6] "Arising under" Title 11 "describe[s] those proceedings that involve a cause of action created or determined by a statutory provision of title 11." Wood v. Wood (In re Wood), 825 F.2d 90, 96 (5th Cir. 1987). "Proceedings 'arising in' Title 11 are those proceedings that 'are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.'" In re A.H. Robins Co., 86 F.3d at 372 (quoting In re Wood, 825 F.2d at 97).

5

and administration of the bankruptcy estate." Id. at 625-26 (quoting Pacor, 743 F.2d at 994). This "test does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate. The possibility of such alteration or impact is sufficient to confer jurisdiction." Id. at 626. "[T]he general rule is that where a court has bankruptcy subject matter jurisdiction (under 28 U.S.C. § 1334) at the outset of an adversary proceeding, that jurisdiction is not divested by subsequent events." In re 222 S. Caldwell St., Ltd. P'ship, 409 B.R. 770, 783 (Bankr. W.D.N.C. 2009) (citing In re Celotex Corp., 124 F.3d at 626). Thus, events after the filing of the complaint, such as debtors' settlement with appellees, do not affect the jurisdictional analysis.

In establishing the test used in this circuit to determine "related to" jurisdiction, the United States Court of Appeals for the Third Circuit "held that a third-party action was not 'related to' the bankruptcy case because the defendant only had a common law right to indemnification from the debtor." In re Celotex, 124 F.3d at 627 (citing Pacor, 743 F.2d at 995-96). The court "reasoned that a judgment against the defendant in the third-party action could not determine any rights, liabilities, or course of action of the debtor, because neither res judicata nor collateral estoppel could be asserted against the debtor." Id. (citing Pacor, 743 F.2d at 995-96).

The instant matter mirrors the circumstances of Pacor because a judgment against appellant "could not determine any rights, liabilities, or course of action of the debtor[s]." Id. Debtors were not parties to the quantum meruit claim against appellant. (See Compl. (DE 8-1) at 10 ¶ 5 (praying "[t]hat the Plaintiffs have and recover from the Defendant Pannamann [sic] a judgment and relief for its [sic] quantum meruit claim" (emphasis added))). Nor do appellees make any allegation that debtors are jointly and severally liable or required to indemnify appellant. Thus, appellees'

6

contention that they "hold a claim against the estate for the actions of the defendants jointly and severally" is belied by the face of the complaint. (Appellees' Br. (DE 18) at 12). Where appellant may assert only a common law right to indemnification or contribution from debtors, the quantum meruit claim does not "in any way impact[] upon the handling and administration of the bankruptcy estate." In re Celotex, 124 F.3d at 625-26. Therefore, the quantum meruit claim against appellant is not "related to" a case under Title 11.

Appellees rely on Travis v. Adair Realty Grp., LLC (In re Adair Realty Grp., LLC), No. 25-00040-5-PWM, 2025 WL 2856853 (Bankr. E.D.N.C. Oct. 28, 2025), as an example of "related to" jurisdiction for claims against a third party. In that case, a bankruptcy creditor brought state law claims against a debtor and a third party, specifically alleging joint liability. Id. at *2. The court determined the claims against the third party were "related to" the bankruptcy case because "[t]he possibility of joint and several liability ensures that the claims against [the third party] can never be wholly independent of [the debtor's] bankruptcy." Id. at *5. In contrast here, appellees' complaint seeks quantum meruit recovery only from appellant and does not allege that debtors and appellant are jointly liable. (See Compl. (DE 8-1) at 10 ¶¶ 1-7). Accordingly, resolution of the claim against appellant is independent of debtor's bankruptcy, and appellees' reliance on In re Adair Realty Grp. is unavailing.

In sum, appellees' quantum meruit claim against appellant does not arise under Title 11 or arise in or relate to a case under Title 11. Thus, pursuant to 28 U.S.C. § 1334(b), the bankruptcy court lacked subject matter jurisdiction to hear the claim.

## CONCLUSION

Based on the foregoing, the court VACATES the bankruptcy court's judgment against appellant and REMANDS this case to the bankruptcy court for further proceedings consistent with

7

this order.  The clerk is DIRECTED to close this case.

       SO ORDERED, this the 3rd day of February, 2026.

                                                    LOUISE W. FLANAGAN
                                                    United States District Judge